UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID MARTIN,<br><br>                              Plaintiff,<br><br>v.<br><br>MARLON D. MITCHELL, CHRISTINA PURTEE, MARGARITA SERRANO, and DOES 1-50<br><br>                              Defendants. | Case No.:  20-CV-2366 JLS (AGS)<br><br>**ORDER DENYING MOTION TO PROCEED IFP**<br><br>(ECF No. 2) |

Plaintiff John David Martin has filed a Complaint alleging various Constitutional rights and fair credit reporting violations against employees of the San Diego County Department of Child Support Services (ECF No. 1).  Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* ("IFP") ("Mot.," ECF No. 2).  For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Proceed IFP with leave to pay the filing fee.

Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee.  Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).  A party need

not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I. 1984).

In *Escobeda*, for example, the filing fees constituted 40% of the plaintiff's monthly income before factoring in her expenses. *Escobedo*, 787 F.3d at 1235. Taking into account the plaintiff's rent and debt payments, the filing fee would have required the entirety of two months' worth of her remaining funds, meaning that the plaintiff "would have to forgo eating during those sixty days, to save up to pay the filing fee." *Id.* Under those circumstances, the Ninth Circuit determined that paying the filing fee would constitute a significant financial hardship to the plaintiff. *Id.* Accordingly, the court reversed the magistrate judge's ruling denying the plaintiff IFP status. *Id.* at 1236.

Here, the Court concludes that Plaintiff has not met his burden of demonstrating that payment of the filing fee would constitute an undue financial hardship. The IFP application indicates that Plaintiff's average monthly income is $3,100 of veteran's disability compensation. (Mot. at 2, 5.) Plaintiff indicates he has $54 in a checking account and other assets valued at $147. (*Id.* at 2–3.) Plaintiff also states he is "awaiting a hearing in [his] claim for disability (SSDI)." (*Id.* at 5.) Plaintiff states his total monthly debts and obligations is $2,783. (*Id.* at 5.) The amount of money Plaintiff indicates he expects to continue to receive on a monthly basis exceeds his monthly debts and obligations by more than $300. Before factoring in expenses, the filing fee constitutes less than 13% of Plaintiff's monthly income.

Based on this information, the Court finds Plaintiff has not shown he cannot pay the court costs and still afford the necessities of life. The amount of money Plaintiff indicates he expects to receive on a monthly basis exceeds his expected monthly debts and obligations by enough that he could pay the one-time filing fee without impacting his regular expenses.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiff is **GRANTED** thirty (30) days from the date on which this Order is electronically docketed in which to reopen his case by paying the entire $400 statutory and administrative filing fee.

If Plaintiff fails to pay the $400 filing fee in full, this action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: January 7, 2021

Hon. Janis L. Sammartino
United States District Judge