UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID MARTIN,<br><br>  Plaintiff,<br><br>v.<br><br>MARLON D. MITCHELL, CHRISTINA PURTEE, MARGARITA SERRANO, and DOES 1-50<br><br>  Defendants. | Case No.:  20-CV-2366 JLS (AGS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(ECF No. 6) |

Presently before the Court is Plaintiff John David Martin's Motion for Reconsideration ("Mot.," ECF No. 6).  Plaintiff requests the Court reconsider its January 7, 2021 order denying Plaintiff's motion to proceed *in Forma Pauperis* ("IFP"). ("Order," ECF No. 4.)  After considering Plaintiff's arguments and the law, the Court **DENIES** Plaintiff's Motion.

On December 3, 2020, Plaintiff filed a motion for leave to proceed IFP alongside his Complaint alleging various Constitutional rights and fair credit reporting violations against employees of the San Diego County Department of Child Support Services (ECF Nos. 1, 2).  The Court denied Plaintiff's motion to proceed IFP on January 7, 2021, finding that "Plaintiff has not shown he cannot pay the court costs and still afford the necessities of

1

life." Order at 3.  The Court based its ruling on the "amount of money Plaintiff indicates he expects to continue to receive on a monthly basis," which "exceeds his monthly debts and obligations by more than $300." *Id.* at 2.  The Court granted Plaintiff leave to pay the filing fee. *Id.* at 3.  Plaintiff filed the present Motion on January 15, 2021, arguing that the Court "failed to take into account . . . relevant factors intended to guide its discretion." Mot. at 3.

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1).  The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).  A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Plaintiff argues that the Court (1) "incorrectly counted the Plaintiffs Veterans Disability Compensation as 'income'"; and (2) "cites a potential [Social Security Disability Insurance ("]SSDI["] disability award in the unknown future as a qualifying reason of denial." Mot. at 3–4.  Plaintiff does not argue that there is newly discovered evidence or

that there has been an intervening change in the controlling law. Therefore, the Court will examine its ruling for clear error and address Plaintiff's arguments in turn.

First, Plaintiff cites to 38 U.S.C. § 5301 as the basis for his argument that his VA disability compensation should not be considered as monthly "income" in his IFP application. Mot. at 3. Plaintiff argues that VA disability compensation "is not income by any definition." *Id.* Section 5301 exempts disability benefits from taxation and provides that disability benefits are generally nonassignable. *See Wright v. Riveland*, 219 F.3d 905, 920 (9th Cir. 2000) ("[Section 5301] makes payments of benefits 'made to, or on account of, a beneficiary . . . exempt from the claim of creditors,' and provides that these benefits are not 'liable to attachment . . . either before or after receipt by the beneficiary.'" (quoting 38 U.S.C. § 5301(a))). Plaintiff argues that "the court incorrectly assumes the jurisdiction and authority to attach Plaintiff member's VA disability compensation in a legal process." Mot. at 3. The Court does not seek to attach Plaintiff's disability compensation. The Court granted Plaintiff leave to pay the statutory and administrative filing fee if he chooses to proceed with this case. Order at 3.

The Court included Plaintiff's VA disability compensation in its evaluation of Plaintiff's monthly income to assess his eligibility to proceed IFP. Other courts frequently classify VA disability compensation as monthly income in these circumstances. *See, e.g.*, *Lint v. City of Boise*, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (considering sum of "VA disability compensation" and "Social Security Disability" payments to arrive at a "total monthly income" figure). VA disability compensation also is treated as income for other purposes. *See, e.g.*, *Hassel v. Astrue*, No. 17-CV-05811-MEJ, 2018 WL 3159584, at *4 (N.D. Cal. June 28, 2018) (finding ALJ correctly treated the plaintiff's VA disability compensation as income for purpose of determining SSI eligibility or benefits); *Francis H. v. Saul*, No. SACV 18-1854-KK, 2020 WL 1625844, at *2 (C.D. Cal. Feb. 3, 2020) (finding "[s]ubstantial evidence" supports ALJ's conclusion that the plaintiff's VA compensation qualifies as income).

///

Second, Plaintiff argues that "[t]he court cites a potential SSDI disability award in the unknown future as a qualifying reason of denial . . . ." Mot. at 4. The Court did not base its ruling on the possibility that Plaintiff may receive SSDI in the future; the Court was recounting information Plaintiff included in his application. The Court stated it based its ruling on "[t]he amount of money Plaintiff indicates he expects to continue to receive on a monthly basis . . . ," Order at 2, which was the sum of his VA disability compensation. The possibility of a future SSDI award did not weigh in the Court's decision to deny Plaintiff's application.

Therefore, the Court finds it did not commit clear error by considering Plaintiff's VA disability compensation as monthly income, and the possibility of a future SSDI award did not factor into the Court's evaluation of Plaintiff's eligibility to proceed IFP.

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 6). In its previous Order, the Court granted Plaintiff thirty days to pay the filing fee. *See* Order at 3. Given that Plaintiff filed the present Motion for Reconsideration, the Court **GRANTS** Plaintiff an additional thirty (30) days from the date on which this Order is electronically docketed in which to reopen his case by paying the entire $402 statutory and administrative filing fee. If Plaintiff fails to pay the $402 filing fee in full, this action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: February 2, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge